1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT

8                        EASTERN DISTRICT OF CALIFORNIA

9

10   CARSTENS CHEVROLET, INC., a           No.  2:16-cv-02618-MCE-CMK
     California corporation, dba CARSTENS
11   MOTORS, INC.; and ROBERT H.
     CARSTENS, aka BOB CARSTENS,
12
                Plaintiffs,
13                                          **MEMORANDUM AND ORDER**
14         v.

15   GENERAL MOTORS, LLC, a Delaware
     Limited Liability Company, and DOES 1
16   through 25, inclusive,

17              Defendants.

18   GENERAL MOTORS, LLC, a Delaware
     Limited Liability Company,
19
                Third-Party Plaintiff,
20
           v.
21
     BILLY LEON MARKER, JR.,
22
                Third-Party Defendant.
23

24         Through the present lawsuit, Plaintiffs Carstens Chevrolet, Inc. and Robert H.

25   Carstens ("Plaintiffs") allege eight claims against Defendants General Motors, LLC and

26   twenty-five unnamed  Doe Defendants ("Defendants").[1]  The claims stem from two

27   _____

28         [1] Because oral argument will not be of material assistance, the Court orders this matter submitted
     on the briefs.  E.D. Cal. Local Rule 230(g).

                                            1

alleged occurrences: first, that Defendants wrongfully refused to approve a Stock Purchase Agreement between Plaintiffs and a prospective purchaser, Third-Party Defendant Billy Marker ("Marker"), and second, that Defendants unreasonably withheld delivery of sufficient vehicles. Plaintiffs' first two claims charge Defendants with violations of California Vehicle Code § 11713.3(d) and (a). The third, fourth, and fifth claims charge Defendants with tortious interference. The sixth and seventh claims charge Defendants with contractual breaches, and the eighth claim charges Defendants with unfair business practices. Defendant General Motors ("GM") now moves to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, that Motion is GRANTED.

**BACKGROUND[2]**

Plaintiffs own and operate an automobile dealership in Alturas, California. Pursuant to the franchise contract between GM and Plaintiffs, GM has to consider any proposal made by Plaintiffs to transfer the franchise and may not unreasonably withhold approval of such a transfer. The franchise contract also obligates GM to distribute adequate quantities of vehicles to Plaintiffs.

On April 1, 2015, Plaintiffs and Marker entered into a Stock Purchase Agreement ("SPA") that would effectively transfer ownership to Marker, conditioned on GM's approval of the transaction.

---

[2] The facts in this section are drawn from the allegations set forth in Plaintiffs' Complaint and GM's April 29, 2015 letter. Although the letter was not attached to Plaintiffs' Complaint, the Court grants GM's Request for Judicial Notice of the letter. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007) ("[I]n order to prevent plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting documents upon which their claims are based, a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint necessarily relies on the document and its authenticity is unquestioned") (internal citations and quotations omitted). Because the Court may take judicial notice of its own records, the Court also grants GM's Request for Judicial Notice of exhibits attached to Defendant's Third-Party Complaint. See Gerritsen v. Warner Bros. Entertainment, Inc., 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015). Lastly, the Court grants judicial notice of Third-Party Defendant Marker's admissions in his sworn deposition testimony from Butte County Superior Court Case No. 163673. Fed. R. Evid. 201(b)(2).

1    GM sent a letter to Carstens on April 29, 2015, notifying Plaintiffs that GM would

2    neither authorize the SPA, nor approve of Marker assuming ownership of the franchise.

3    The letter explained that in 2002, Marker signed an Agreement of Settlement,

4    Compromise and Release ("Settlement Agreement") in which he agreed never to seek

5    ownership of any GM dealership.  Although GM as constituted in 2002 has since been

6    reorganized through bankruptcy proceedings, GM's letter also informed Plaintiffs that the

7    reorganized company had acquired all the contracts not specifically excluded from its

8    2009 bankruptcy sale agreement with General Motors Corporation ("old GM").

9    Plaintiffs claim that GM's refusal to consider Marker's qualifications was willful and

10   unreasonable, amounting to violations of Vehicle Code § 11713.3(d), tortious

11   interference with contractual relations and prospective advantage, breaches of contract

12   and the implied covenant of good faith and fair dealing, and unfair business practices.

13   Plaintiffs also allege that Defendants "continually 'fail[ed] to deliver in reasonable

14   quantities and within a reasonable time after receipt of an order from a dealer having a

15   franchise for the retail sale of a new vehicle sold or distributed by the manufacturer or

16   distributor,'" and that such conduct constituted a violation of Vehicle Code § 11713.3 (a),

17   tortious interference with Plaintiffs' prospective advantage, breach of contract and the

18   implied covenant of good faith and fair dealing, and unfair business practices.  Pls.'

19   Compl., ¶ 22, ECF No.1.

20   Moving for dismissal, GM contends Plaintiffs failed to show causation between

21   GM's refusal to approve the SPA and Plaintiffs' injury.  GM further argues that Plaintiffs

22   have pleaded insufficient facts to state any claims based on the allegation of insufficient

23   vehicle delivery.

24   Plaintiffs dispute the validity of the Settlement Agreement and allege that,

25   regardless of its enforceability, the agreement was excluded from the assets transferred

26   to GM through old GM's bankruptcy sale.

27   ///

28   ///

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, § 1202, at 94-95). If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.

///

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

### A.     Vehicle Code Violations

Under California law, "[a]ny licensee suffering pecuniary loss because of any willful failure by any other licensee to comply with [§ 11713.3] . . . may recover damages and reasonable attorney fees." Cal. Veh. Code § 11726 (West). Plaintiffs allege that GM violated Vehicle Code § 11713.3(d) and (a).

### 1.     Vehicle Code § 11713.3(d)

It is a violation to prevent "a dealer, or an officer, partner, or stockholder of a dealership, the sale or transfer of a part of the interest of any of them to another person." Cal. Veh. Code § 11713.3(d)(1) (West). However, a dealer does not "have the right to sell, transfer, or assign the franchise, or a right thereunder, without the consent of the

manufacturer or distributor except that the consent shall not be unreasonably withheld."

Id. Vehicle Code § 11726 allows recovery only if Plaintiffs' loss is caused by GM's willful failure to comply with § 11713.3. GM correctly argues that Plaintiffs have failed to show that their pecuniary loss was suffered "because of" GM's action. Rather, the Settlement Agreement that predated the contract between Plaintiffs and Marker was the cause of any loss suffered by Plaintiffs.

Plaintiffs wrongly assert that GM did not acquire the Settlement Agreement because it was an excluded "non-executory" contract for which Marker had substantially completed performance. In fact, Marker had not substantially performed the contract because he was obligated to never seek to own a GM dealership in the future. Consequently, GM obtained ownership rights to the Settlement Agreement because it was not an excluded contract of the 2009 bankruptcy transfer, as GM notified Plaintiffs in its April 29, 2015 letter.

Therefore, Plaintiffs' statutory claim under the first cause of action is DISMISSED. Because the Court believes Plaintiffs cannot rectify the shortcomings of this claim through amendment, no leave to amend will be permitted.

## 2. Vehicle Code § 11713.3(a)

GM further asserts that Plaintiffs have not pleaded sufficient facts to establish that GM failed to deliver vehicles to Plaintiffs. Section 11713.3(a) makes it a violation for a manufacturer or distributor to "fail to deliver in reasonable quantities and within a reasonable time after receipt of an order from a dealer having a franchise for the retail sale of a new vehicle sold or distributed by the manufacturer or distributor." Plaintiffs' second cause of action tracks the language of this statute verbatim without stating any relevant facts. As stated previously, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted).

Plaintiffs are correct to assert that they are not required to detail "each and every instance of a failure by GM to comply," (Pl's Opp. at 6, ECF No. 12) but Rule 8(a) does

require "a short and plain statement of the claim," and under <u>Twombly</u>, a recitation of the statutory language will not suffice.  Plaintiffs have not pleaded sufficient factual allegations to state any claim for relief based on the allegation that GM failed to deliver sufficient vehicles.

Accordingly, Plaintiffs' statutory claim under the second cause of action is DISMISSED.  Because Plaintiffs may be able to cure the defect, the dismissal is with leave to amend.

### B.     Tortious Interference

Plaintiffs allege that GM engaged in intentional interference with contractual relations and negligent interference with prospective economic relations by refusing to approve the SPA.  Additionally, Plaintiffs claim that GM engaged in intentional interference with a prospective business advantage by failing to deliver sufficient vehicles.

### 1.     Intentional Interference with Contractual Relations

Under California law, the elements of intentional interference with contractual relations are: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." <u>Pac. Gas & Elect. Co. v. Bear Stearns & Co.</u>, 50 Cal. 3d 1118, 1126 (1990).  Defendant contests the validity of the SPA by pointing out that the Settlement Agreement bars Marker from entering into such a contract and because the contract itself expressly makes GM's approval a condition to formation.  Under California law, when "two parties have separate contracts with a third, each may resort to any legitimate means at his disposal to secure performance of his contract even though the necessary result will be to cause a breach of the other contract." <u>Imperial Ice Co. v. Rossier</u>, 18 Cal. 2d 33, 37 (1941).  Thus, Plaintiffs' tortious interference with contract cause of action fails for three reasons: (1) GM's approval was a condition precedent to the SPA, (2) GM's refusal did not cause the disruption of the

1   SPA, and (3) GM exercised legitimate means to secure performance of its Settlement
2   Agreement with Marker by refusing to approve the SPA.

3           Accordingly, Plaintiffs' tort claim as set forth in the third cause of action is
4   DISMISSED.  Because Plaintiffs are unable to cure the defect, the dismissal is without
5   leave to amend.

6                   **2.      Negligent Interference with Prospective Economic Advantage**
7           Although similar in nature to torts of interference with contract, torts of
8   interference with prospective advantage nevertheless "stand on a different legal footing
9   as far as the potential for tort liability is reckoned."  <u>Della Penna v. Toyota Motor Sales,</u>
10  <u>U.S.A., Inc.</u>, 11 Cal. 4th 376, 392 (1995).  The California Supreme Court further cautions
11  courts to "recogniz[e] that relationships short of [contractual relationships] subsist in a
12  zone where the rewards and risks of competition are dominant."  <u>Id.</u>  As Plaintiffs have
13  failed to state a claim for interference with contractual relations, they certainly have not
14  pleaded sufficient facts to show that GM's withholding of consent caused Plaintiffs'
15  injury.

16          Furthermore, where the "essential nature of the conduct" alleged by Plaintiffs is a
17  breach of contract, the "breach of contract claim cannot be transmuted into tort liability
18  by claiming that the breach interfered with [plaintiffs'] business."  <u>JRS Products, Inc. v.</u>
19  <u>Matsushita Elec. Corp. of America</u>, 115 Cal. App. 4th 168, 182-83 (2004).  The alleged
20  wrongful conduct at issue is GM's unreasonable withholding of consent, which forms the
21  basis for Plaintiffs' claims of both breach of contract and negligent interference with
22  prospective advantage.  Because Plaintiffs state no independent basis for their negligent
23  interference claim, the factual allegations are insufficient to state a claim sounding in tort
24  in any event.

25          Accordingly, Plaintiffs' tort claim under the fourth cause of action is DISMISSED.
26  Because the defects of the claim also cannot be rectified through amendment, the
27  dismissal is again without leave to amend.
28  ///

                                                    8

### 3. Intentional Interference with Prospective Business Advantage

As stated previously, Plaintiffs have pleaded insufficient facts to state any statutory claim under California Vehicle Code § 11713.3(a) based on GM's alleged failure to deliver sufficient vehicles to Plaintiffs. As a result, Plaintiffs' cause of action for intentional interference with prospective business advantage based on the same inadequate factual basis also must fail.

Plaintiffs' tort claim under the fifth cause of action is consequently DISMISSED, but leave to amend will be permitted.

### C. Breach of Contract

Plaintiffs allege that Defendant breached the franchise agreement and the implied covenant of good faith and fair dealing. Plaintiffs base these allegations, as set forth in the sixth and seventh causes of action, on (1) GM's withholding of consent and (2) GM's failure to deliver sufficient vehicles, respectively.

### 1. Breach of Franchise Agreement

The elements for breach of contract are "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff *as a result of the breach*." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008) (emphasis added). As discussed above, it was not GM's withholding of consent that caused Plaintiffs' alleged injury. Rather, Marker, by signing the 2002 Settlement Agreement with GM and agreeing never to seek ownership of a GM dealership, rendered himself ineligible to enter into a valid SPA with Plaintiff.

As also stated previously, Plaintiffs have failed to plead sufficient facts to state any claim—including breach of contract—based on GM's alleged failure to deliver sufficient vehicles to Plaintiffs.

Plaintiffs' breach of contract claim under the sixth cause of action is DISMISSED. Because Plaintiffs may be able to cure the defect as to the claim based on GM's failure to deliver sufficient vehicles, the dismissal is with leave to amend as to that theory only.

///

### 2. Breach of Implied Covenant of Good Faith and Fair Dealing

To state a claim for breach of the implied covenant of good faith and fair dealing, Plaintiffs must allege a "conscious and deliberate act [that] unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement." <u>Careau & Co. v. Security Pacific Business Credit, Inc.</u>, 222 Cal. App. 3d 1371, 1395 (1990). Accordingly, "[i]f the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." <u>Id.</u> Again, GM's withholding of consent did not cause Plaintiffs to be deprived of the benefits of the agreement; if Plaintiffs were deprived of any benefit, such result was caused by Marker's ineligibility to enter into the SPA. Moreover, Plaintiffs allege the same acts and seek the same form of relief in the seventh cause of action, for breach of the implied covenant, as they previously alleged in the sixth cause of action, for breach of contract alone.

As stated previously, Plaintiffs have failed to plead sufficient facts to state any claim based on GM's alleged failure to deliver sufficient vehicles to Plaintiffs.

Plaintiffs' breach of implied covenant, as set forth in the seventh cause of action, is accordingly DISMISSED. Because Plaintiffs may be able to cure the defect as to the claim that GM failed to deliver sufficient vehicles, the dismissal is with leave to amend as to that theory only.

### D. Unfair Business Practices

The California Business & Professions Code provides for a cause of action to a "person who has suffered injury in fact and has lost money or property *as a result of* the unfair competition." Cal. Bus. & Prof. Code § 17204 (West) (emphasis added). Unfair competition is defined as "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 (West). Plaintiffs again fail to show causation between GM's denial of the SPA and Plaintiffs' injury. Additionally, GM's conduct was not

unlawful or unfair because GM was entitled to "resort to any legitimate means at [its] disposal" in order to ensure that Marker performed his obligation under the Settlement Agreement, "even though the necessary result [was] to cause a breach of the other contract." <u>Imperial Ice Co.</u>, 18 Cal. 2d at 37. Plaintiffs plead no facts to suggest fraudulent conduct by GM.

As stated previously, Plaintiffs have failed to plead sufficient facts to state any cause of action based on GM's alleged failure to deliver sufficient vehicles to Plaintiffs.

Plaintiffs' Business & Professions Code § 17200 claim under the eighth cause of action is DISMISSED. Because Plaintiffs may be able to cure the defect as to the claim that GM failed to deliver sufficient vehicles, the dismissal is with leave to amend as to that theory only.

## CONCLUSION

For all the reasons set forth above, Defendant General Motors' Motion to Dismiss (ECF No. 8) for failure to state a claim is GRANTED as follows:

1. The Motion is GRANTED as to Plaintiffs' claims based on Defendant General Motors' refusal to consent to the Stock Purchase Agreement in causes of action one, three, four, six, seven, and eight. Those claims are DISMISSED without leave to amend.

2. The Motion is GRANTED as to Plaintiffs' claims based on Defendant General Motors' alleged failure to deliver sufficient vehicles in causes of action two, five, six, seven, and eight. Those claims are DISMISSED with leave to amend.

///
///
///
///

3.      Should Plaintiffs wish to file an amended complaint, they must do so within twenty (20) days after this Memorandum and Order is electronically filed. Failure to file an amended pleading within those time parameters will result in an order dismissing Plaintiffs' complaint in its entirety, with prejudice and without further notice.

IT IS SO ORDERED.

Dated: June 16, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE